UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE ADRIAN MARTINEZ, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members,

                                 Plaintiffs,                Docket No.:  18-CV-5979

           -against-                         **FLSA COLLECTIVE**
                                                **ACTION COMPLAINT**

HOLIDAY FARMS

                              Defendants.

-------------------------------------------------------------------X

       Plaintiff JOSE ADRIAN MARTINEZ (hereinafter, "Plaintiff" or "MARTINEZ"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, PERVEZ & REHMAN, P.C., files this Complaint against Defendants HOLIDAY FARMS ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. Seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (4) damages for failure to issue wage statements; (5) liquidated damages; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff MARTINEZ is a resident of Nassau County, New York.

6. Defendant, HOLIDAY FARMS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 374 Roslyn Road, Roslyn Heights, NY 11577.

7. At all relevant times, HOLIDAY FARMS is, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

8. Defendants employed Plaintiff, MARTINEZ, in Nassau County, New York, to work as a fruit area worker from in or around June 2016 through February 2018.

9. The work performed by Plaintiff was directly essential to the business operated by Defendants.

10. Defendants knowingly and willfully failed to pay Plaintiff wages and his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

11. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

12. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

13. Throughout all times relevant to this action, Defendants hired employees to work in the store and to participate in the day-to-day operation of Defendants.

14. Defendants employed Plaintiff, MARTINEZ, in Nassau County, New York, to work as a fruit area worker from in or around June 2016 through February 2018.

15. Plaintiff's duties included working on everything relating to the fruit department including cutting fruits, placing them in containers, loading and unloading fruit, organizing the fruit section and handle some customer questions on the floor.

16. During the entirety of Plaintiff's employment Plaintiff worked approximately sixty-three hours per week. He worked six (6) days per week from 11 a.m. to 8 p.m./9:30 p.m., Monday through Wednesday and Friday through Sunday. Additionally, often he worked seven (7) days per week.

17. He did not receive an uninterrupted lunch break.

18. During the course of Plaintiff MARTINEZ's employment Defendants paid Plaintiff a flat rate of $250.00 per week.

19. During the entirety of Plaintiff MARTINEZ's employment, he was not paid or overtime compensation. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

20. Additionally, Plaintiff MARTINEZ was not paid on time or for all hours worked.

21. Moreover, Defendants did not comply with the NYLL's wage statement and wage notice provisions. Defendants did not issue wage notices to employees as required by law. Defendants are liable for damages for each employee pursuant to NYLL § 198.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since October 2013 to the entry of judgment in this case (the "Collective Action Period"), and who failed to receive wages or overtime compensation at the rate of time and one-half for all hours worked in excess of forty (40) per week (the "Collective Action Members").

23. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

25. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

26. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

27. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

28. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

29. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.      Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.      Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

c.      What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      Whether the Defendants failed to pay Plaintiff and the Collective Action Members wages in violation of the FLSA;

e.      Whether the Defendants unlawfully failed to pay Plaintiff and the Collective Action Members overtime compensation at the statutory rate of time and one-half for all hours worked in excess of forty (40) per week in violation of the FLSA;

f.      Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.      Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

30.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

31. Plaintiff and others similarly situated have been substantially damaged by the

Defendants' wrongful conduct.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

32. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

33. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable form the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

34. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

35. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained

similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

36. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class' action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interest will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications. With respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members', rights and the disposition of their interests through actions to which they were not parties. The issues

in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this as a class action.

38. Defendants and other employees throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

39. There are questions of law and feet common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class Members for their works;

d. Whether Defendants provided Plaintiff and the Class with a spread time premium as required by NYLL; and

e. Whether Defendants properly notified Plaintiff and the Class Members of their hourly rate and overtime rate.

## STATEMENT OF CLAIM

### COUNT I
**[Violation of the Fair Labor Standards Act]**

40. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

41. At all relevant times, upon information and belief, Defendant HOLIDAY FARMS are and continue to be a n employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendant\ employed Plaintiff within the meaning of the FLSA.

43. At all relevant times, Defendant had gross revenues excess of $500,000.

44. Plaintiff was entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

45. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

46. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(l) and 215(a). Defendants knowingly

and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

47. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.,* including 29 U.S.C. §§ 21 1 (c) and 215(a).

48. Defendant failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

49. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages consisting of unpaid wages, overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

51. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

52. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

53. At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

54. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages in the lawful amount for hours worked.

55. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

56. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

57. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

58. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid wages, unpaid overtime compensation, unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours, failure to issue wage statements, reasonable attorneys' fees, and costs and disbursements of this

action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

59. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiff, MARTINEZ, on behalf of himself and all others similarly situated, respectfully request that this Court grant the following relief:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Members;

(c) A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, FLSA and New York State laws;

(d) All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the

law that Plaintiff and FLSA Plaintiffs would have received but for the Defendants' unlawful payment practices including unpaid wages, overtime wages, spread of hours compensation among those alleged herein;

(e) Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

(f) Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs, and an award of a service payment to Plaintiff;

(g) Pre-judgment and post-judgment interest, as provided by law;

(h) Costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i) Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated:  October 2, 2018
    Melville, New York

By: _____
   Aneeba Rehman

Nadia M. Pervez
*Attorneys for Plaintiff*
Pervez & Rehman, P.C.
68 South Service Road
Suite 100
Melville, NY 11747
(631) 427-0700
arehman@pervezrehman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE ADRIAN MARTINEZ, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members,

                        Plaintiffs,

           -against-                                 **VERIFICATION**

HOLIDAY FARMS

                        Defendants.

------------------------------------------------------------------X

STATE OF NEW YORK     )
                            ss.:
COUNTY OF NASSAU     )

I, JOSE ADRIAN MARTINEZ, am the Plaintiff in the within action for. I have read the foregoing Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                                         _JOSE A MARTINEZ_
                                         JOSE ADRIAN MARTINEZ

Sworn to before me on this _2_ day
of _October_, 2018.

_Nadia M. Pervez_
        Notary Public

             NADIA M. PERVEZ
        Notary Public, State of New York
            No. 02PE6241234
          Qualified in Suffolk County
     Commission Expires May 9, 2015 2019

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, JOSE ADRIAN MARTINEZ, am an employee formerly employed by HOLIDAY FARMS. I consent to be a plaintiff in the above captioned action to collect unpaid wages, overtime pay and unpaid spread of hours premium.

Dated: _Melville_, New York

      October _2_, 2018

_JOSE A MARTINEZ_
JOSE ADRIAN MARTINEZ

Sworn to before me on this _2_ day
of _October_, 2018.

_(signature)_
Notary Public

NADIA M. PERVEZ
Notary Public, State of New York
No. 02PE6241234
Qualified in Suffolk County
Commission Expires May 9, 2019